IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE TRIPP,

        Plaintiff,                      No. CIV S-08-2876 GEB GGH P

    vs.

KIM STOCKER, et al.,                <u>ORDER AND</u>

        Defendant.               <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with this action. Pending before the court is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). On October 16, 2009, plaintiff filed a motion to disregard defendants' motion and for the appointment of counsel. The court construes this pleading as an opposition to defendants' motion.

        For the following reasons, the court recommends defendants' motion be granted in part and denied in part.

<u>LEGAL STANDARD FOR MOTION TO DISMISS</u>.

        In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). "The

pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See

Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

DISCUSSION

        This action is proceeding on the original complaint filed November 26, 2008, as to defendants Stocker, Sahota, Evans and Grannis. Plaintiff, who is diabetic, alleges that defendants failed to provide him with a proper medical diet. Plaintiff alleges that defendants violated Title II of the Americans with Disabilities Act (ADA). While plaintiff does not specifically allege a constitutional violation, he states that he brought his action pursuant to 42 U.S.C. § 1983. Liberally construing the complaint, the undersigned finds that plaintiff is also raising an Eighth Amendment claim for inadequate medical care.

        As relief, plaintiff seeks an order directing defendants to transfer him to a prison that can provide him with an adequate diet, appropriate medical care to cover his disability, sanctions against those who interfered with his treatment, protection from retaliation and the costs for filing the action. The undersigned does not construe plaintiff's request for sanctions as a request for money damages. Accordingly, plaintiff seeks injunctive relief only.

        Defendants first argue that plaintiff's ADA claim is barred because there is a pending class action concerning the same subject matter.

        Title II of the ADA "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir.2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 210, 118 S.Ct. 1952 (1998).

        In order to state a claim of disability discrimination under Title II, plaintiff must allege four elements: (1) that plaintiff is an individual with a disability; (2) that plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services,

programs, or activities; (3) that plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of plaintiff's disability. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir.2002) (citing Weinreich v. L.A. County Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir.1997).

Plaintiff has not stated a colorable ADA claim because he does not claim that he has been denied access to a program, service or activity or was otherwise discriminated against based on his alleged disability, i.e. diabetes. Plaintiff's claim that he did not receive a proper medical diet challenges the treatment of his disability, which does not state an ADA claim. See Grzan v. Charter Hosp. Of Northwest Indiana, 104 F.3d 116, 121-22 (7th Cir. 1997). See also Davis v. Shaw, 2009 WL 1490609 (S.D.N.Y. 2009); Galvin v. Cook, 2000 WL 1520231 (D. Or. 2000). On this ground, plaintiff's ADA claim should be dismissed. 28 U.S.C. § 1915(e)(2).

Because plaintiff has not stated a colorable ADA claim, there is no need to reach defendants' argument that plaintiff's claims cannot be maintained because there is a pending class action concerning the same subject matter. However, were the undersigned to address this argument, he would most likely find that it has no merit for the following reasons.

A plaintiff who is a member of a class action suit for equitable relief from prison conditions may not maintain a separate, individual suit for equitable relief within the same subject matter of the class action. Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir.1988); McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir.1991). Defendants argue that plaintiff's request for injunctive relief is encompassed by and barred as a result of the consent decree and permanent injunction in Armstrong v. Schwarzenegger, CIV C-94-2307 CW. Defendants argue that the Armstrong remedial plan sets out the policy of CDCR to provide access to its programs and services to inmates and parolees with disabilities.

Attached as an exhibit to defendants' motion is a copy of the Court Ordered Remedial Plan issued in Armstrong. The court has reviewed the remedial plan and finds no

mention of special diets for inmates with disabilities.

Defendants next argue that plaintiff's Eighth Amendment claims against defendant Evans and Sahota should be dismissed because plaintiff has failed to link them to the alleged deprivations. Defendant Sahota is the Chief Medical Officer at Folsom State Prison. Defendant Evans is the Warden at Folsom State Prison.

Just as it is not necessary to allege Monell[1] policy grounds when suing a state or municipal official in his or her official capacity for injunctive relief related to a procedure of a state entity, Chaloux v. Killeen, 886 F.2d 247 (9th Cir. 1989), it follows that it is not necessary to allege the personal involvement of a state official when plaintiffs are attacking a state procedure on federal grounds that relates in some way to the job duties of the named defendant. All that is required is that the complaint name an official who could appropriately respond to a court order on injunctive relief should one ever be issued. Harrington v. Grayson, 764 F. Supp. 464, 475-477 (E.D. Mich. 1991); Malik v. Tanner, 697 F. Supp. 1294, 1304 (S.D.N.Y. 1988). ("Furthermore, a claim for injunctive relief, as opposed to monetary relief, may be made on a theory of respondeat superior in a § 1983 action."); Fox Valley Reproductive Health Care v. Arft, 454 F. Supp. 784, 786 (E.D. Wis. 1978). See also, Hoptowit v. Spellman, 753 F.2d 779 (9th Cir. 1985), permitting an injunctive relief suit to continue against an official's successors despite objection that the successors had not personally engaged in the same practice that had led to the suit. However, because a suit against an official in his or her official capacity is a suit against the state, a practice, policy or procedure of the state must be at issue in a claim for official capacity injunctive relief. Haber v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 361-62 (1991).

Plaintiff alleges that Folsom State Prison does not provide medical diets, whereas other prisons such as the California Medical Facility do. These allegations appear to challenge a state policy. Because defendants Sahota and Evans could respond to plaintiff's request for

---

[1] Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978).

5

injunctive relief, defendants' motion to dismiss the claims against these defendants should be denied.

Because plaintiff seeks injunctive relief only, defendants Stocker and Grannis are proper defendants if they are able to respond to an order granting plaintiff's request for injunctive relief. As Appeals Coordinator, defendants Stocker and Grannis have the authority to grant plaintiff's request for a special diet or transfer to a different prison. Therefore, these defendants could respond to an order granting plaintiff's request for injunctive relief. Accordingly, defendants' motion to dismiss the claims against these defendants should be denied.

In sum, the court recommends plaintiff's ADA claim be dismissed and recommends that defendants' motion to dismiss the Eighth Amendment claims for injunctive relief be denied.

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's October 16, 2009, motion to dismiss (no. 29) is construed as an opposition to the motion to dismiss;

2. Plaintiff's October 16, 2009, motion for appointment of counsel (no. 29) is denied;

3. Defendants' answer to the complaint is due within twenty days of the adoption of these findings and recommendations, if adopted;

IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (no. 23) be granted as to the ADA claim and denied as to the Eighth Amendment claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 12/10/09

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

tr2876.mtd